IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRANDON WRIGHT,

    Plaintiff,

v.                                        Civil Action 2:16-cv-420
                                                 Judge Michael H. Watson
                                                 Magistrate Judge Jolson

PREMIER COURIER, INC.,

    Defendant.

## ORDER

This matter is before the Court on Defendants' Motion for Leave to Seal portions of two documents in this case, referred to as the Customers' Service Expectations & Operations Standards (Exhibit 1) and the Standard Commission Revenue Rates (Exhibit 2). (*See* Doc. 58). Pursuant to this Court's Order, the parties met and conferred regarding the propriety of the proposed redactions. (*See* Doc. 53). Although Plaintiff agrees with Defendants that the Standard Commission Revenue Rates contains trade secrets and is appropriate to file under seal, he opposes Defendants' redactions the Customers' Service Expectations & Operations Standards, claiming that they are not narrowly tailored. (Doc. 60 at 1).

As this Court has observed, the movant has the heavy burden of overcoming a strong presumption in favor of openness as to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, No. 15-1544, 2016 WL 3163073, at *3 (6th Cir. June 7, 2016). Hence, in addition to establishing a compelling reason to justify non-disclosure of the information, Defendants must demonstrate that the seal is "narrowly tailored to serve that reason." *Id.*

This Court has conducted an independent review of the two documents at issue and

agrees that the information Defendants seek to redact constitutes trade secrets. *See* O.R.C. § 1333.61(D) (defining trade secrets). While certain portions of the Customers' Service Expectations & Operations Standards, when viewed in isolation, may not appear to constitute trade secrets, the Court finds that, taken together, they warrant protection from public disclosure. As Defendants argue, if unsealed, the document "would show the various idiosyncrasies of Premier's operations and could be used to try to steal Premier's customers." (Doc. 58 at 5). Further, Defendants' internal treatment of that information as confidential weighs in favor of the Motion to Seal. *See Guild Assoc., Inc. v. Bio-Energy (Washington) LLC*, No. 2:13-cv-1041, 2016 WL 8222035, at *4 (S.D. Ohio Oct. 21, 2016) ("One factor is not dispositive, but '[a] business or possessor of a potential trade secret must take some active steps to maintain its secrecy in order to enjoy presumptive trade secret status.'") (citing *Heartland Home Fin., Inc. v. Allied Home Mortg. Capital Corp.*, 258 F. App'x 860, 861–62 (6th Cir. 2008) (citation omitted)).

Based on the foregoing, the Court finds that Defendants have satisfied the heavy burden of overcoming the strong presumption in favor of openness as to court records and have demonstrated that the redactions are narrowly tailored. Thus, Defendants' Motion for Leave to Seal portions of the Customers' Service Expectations & Operations Standards and the Standard Commission Revenue Rates is **GRANTED**. (Doc. 58).

IT IS SO ORDERED.

Date: August 2, 2017 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE